[No. 40464.    Department Two.    February 27, 1969.]

THE STATE OF WASHINGTON, *Respondent*, v. ROBERT LELAND HOLDEN, *Appellant*.*

*Marie Donohoe,* for appellant (appointed counsel for appeal).

*Charles O. Carroll* and *David W. Hotchkin,* for respondent.

PER CURIAM.—Appellant, Robert Leland Holden, was discovered at approximately 7 a.m. on the morning of February 27, 1968 on the roof of the Myers Music Store in Seattle. He was stuck in an air ventilator shaft with his head, shoulders and arms sticking out. When police officers first arrived he told them he had gotten drunk the night before and had fallen two stories off the roof of the adjoining building and landed in the shaft. The housing of the shaft, normally affixed by four screws, was lying on the roof next to the shaft. Appellant's shirt, jacket and cigarettes were also lying on the roof. Appellant was charged with attempted burglary in the second degree. When later interrogated regarding his presence on the roof he stated he had fallen off the roof of the adjoining building and when he discovered he was unable to get down, he decided to remove the housing and try to get down through the ventilator shaft.

The distance between the roof of the music store and the ground was 12 to 15 feet at the rear of the building. In addition, in the rear of the building there was a series of

*Reported in 451 P.2d 666.

horizontal pipes attached to the building. A police officer who had investigated the crime stated that he believed appellant could have easily climbed down the pipes and that the pipes were cast iron and were solid.

RCW 9.19.030 provides:

> Every person who shall unlawfully break and enter . . . any building . . . shall be deemed to have broken and entered . . . the same with intent to commit a crime therein, unless such unlawful breaking and entering . . . *shall be explained by testimony satisfactory to the jury* to have been made without criminal intent. (Italics ours.)

Appellant was charged with the crime of attempted burglary in the second degree. By statute, a person may be convicted of an attempt although it appears that the crime was consummated. (RCW 9.01.070). In the instant case, the removal of the ventilator housing was sufficient to constitute an unlawful breaking, and the insertion of part of the appellant's body was sufficient to constitute an unlawful entry.

Inasmuch as appellant's actions amounted to an unlawful breaking and entering, it was up to the jury to determine whether or not the explanation regarding his presence on the roof, that he made to the police officers, was sufficient to disprove intent. The jury rejected his explanation with, we believe, good cause.

Appellant's other assignment of error relating to the trial court's refusal to permit a view of the premises is without merit in view of the fact that there were numerous illustrative pictures in evidence and the trial court has discretion in this matter. We find no abuse of discretion.

The trial court's judgment finding appellant guilty of attempted second degree burglary is affirmed.

---

May 2, 1969. Petition for rehearing denied.